UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                    )
RHONDA RENEE JACKSON,              )          CASE NO.: 15-01736-5-DMW
       Debtor                                        )          CHAPTER 11

## DEBTOR'S PLAN OF REORGANIZATION

**Dated:  June 26, 2015**

The Debtor in the above captioned Chapter 11 case proposes this Plan of Reorganization.

## ARTICLE I

## DEFINITIONS

    For the purposes of the Plan the following definitions shall apply:

    1.    "Code" shall mean Title 11 of the United States Code as amended.

    2.    "Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina in which this case is pending.

    3.    "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

    4.    "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.

    5.    "Debtor" shall mean Rhonda Renee Jackson, the individual listed in the caption of the Plan.

    6.    "Effective Date" shall be 30 days after the confirmation order becomes final and nonappealable.

    7.    "General Unsecured Creditors" shall mean all allowed claims held by creditors of the Debtor, other than Secured Claims or Priority Claims, and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

    8.    "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on the Debtors' property effective under the applicable law as of the date of the Debtors' petition.

9. "Petition Date" shall mean the date the Debtor filed for protection under Chapter 11 of the Code: March 31, 2015.

10. "Priority Claim" shall mean the claim of a creditor entitled to priority under Section 507.

11. "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended, supplemented, or modified.

12. "Secured Claim" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Bankruptcy Code or other applicable nonbankruptcy law and are duly established in this case.

## ARTICLE II

### GENERAL PROVISIONS

The following general provisions apply to this Plan:

1. Claims: Various claims are defined in this Plan. The Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502.

2. Preserved Liens: To the extent required under Section 1124(2) of the Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of the secured property or amount of secured debt, whichever is less.

3. Time for Filing Claims: All creditors whose claims are scheduled as disputed or unliquidated in the Debtor's schedules must file such claims by the bar date established by the Court in order to be treated under the Plan. However, the Debtor and all other parties in interest shall have 30 days after the Effective Date or 30 days after the bar date, whichever is later, to object to said claims.

4. Modification of the Plan: This Plan may be modified upon any application by the Debtor or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code, subject to a determination at the time of Confirmation by the Court that such modification or correction does not materially or adversely affect any creditor or class or creditors. After confirmation of the Plan, the Debtor may, upon approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order is such manner as may be necessary to carry out the purpose and effect of this Plan without further notice and hearing. However, to the extent the Court deems necessary, the Debtor may be required to give affected creditors notice and opportunity to be heard on such modifications.

5.  Completion of payments on secured claims:  Upon full payment of the secured claims modified by this Plan, the holder of such claim shall promptly mark the obligation paid and satisfied in full and cancel the deed of trust or other security instrument of record.  Debtor shall also be entitled to an appropriate order of the Court cancelling such security interests of record upon a showing that the full amount was paid by the Debtor.

## ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLAIMS

**Class 1:  Administrative Costs and Expenses.**

The claims of this class shall consist of the administrative expenses and costs of the kind specified in and pursuant to Section 503 of the Code or as otherwise allowed by the Court.

The Debtor is not currently aware of any such claims.

To the extent any such claims are allowed, this Class is unimpaired, and each such claim will be paid in cash and in full on the later of the Effective Date or the date on which such claim is allowed by a final non-appealable order, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Class 2:  Priority Claims.**

Class 2 comprises all allowed claims entitled to priority under Section 507 of the Code.

The Debtor is not currently aware of any such claims.

To the extent any such claims are allowed, this Class is unimpaired, and each such claim will be paid in cash and in full on the later of the Effective Date or the date on which such claim is allowed by a final non-appealable order, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Class 3: Secured Claim of Bank of America ("BOA").**

This class consists of a claim secured by a first-position deed of trust against the Debtor's residence located at 1419 Butler Cabin Drive, Raleigh, NC, 27610, in favor of BOA. BOA has not yet filed a proof of claim. Upon information and belief, BOA's total claim is approximately $132,899.00.

This class is impaired.

Due to market conditions and current valuations, the Debtor values this property at no more than $100,000.00.  As such, BOA will be allowed a secured claim in the amount of $100,000.00 and the secured claim will be paid over 30 years with interest at 4.25% in equal monthly installments of $491.94 plus appropriate escrow for taxes and insurance. Payments will

begin on the 15th day of the month following the Effective Date and continue on the same date of each month thereafter until the secured claim is paid in full. The balance of the claim shall be treated as a Class 5 claim.

### Class 4: Secured Claim of Rent-A-Center ("RAC").

This class consists of a claim secured by a purchase money security interest against the Debtor's living room furniture. Upon information and belief, RAC's total claim is approximately $900.00. RAC has not yet filed a proof of claim.

This class is impaired.

Due to market conditions and current valuations, the Debtor values this property at no more than $600.00. As such, RAC will be allowed a secured claim in the amount of $600.00 and the secured claim will be paid over 8 quarterly installments at 5.25% interest in the amount of $79.50 per quarter. Payments will begin on the 15th day of the month following the Effective Date and continue on the same date of each third month thereafter until the secured claim is paid in full. The balance of the claim shall be treated as a Class 5 claim.

### Class 5: General Unsecured Claims.

This class consists of all general unsecured claims, including undersecured claims arising out of the bifurcation of partially secured claims. This class is impaired.

The net liquidation value of the Debtor's assets is zero; as a result, Debtor is not required to pay anything to this class. Debtor will pay, however, the sum of $500.00 within one year of the Effective Date distributed on a pro rata basis in satisfaction of all general unsecured claims.

## ARTICLE IV

## MEANS OF EXECUTION OF THE PLAN

The Debtor will fund this Plan through Social Security benefits and other government assistance received by the Debtor. An exhibit showing the projections and distributions under the Plan is attached to the Disclosure Statement supporting this Plan.

## ARTICLE V

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until the final distribution under Article III has been made in respect to the following matters:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

  B. To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

  C. To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

  D. To adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

  E. To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

  F. To allow or disallow any claims; and

  G. To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE VI

## EFFECT OF CONFIRMATION

  The Debtor submits that the creditors under this Plan will receive more than they would under a Chapter 7 liquidation. **Therefore, the Debtor hereby gives notice that she intends to seek a discharge upon confirmation of this plan. Except as otherwise provided in the Plan, confirmation vests all property of the estate in the Debtor.**

  Except as provided herein, all contracts which exist between the Debtor and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are specifically rejected.

  Respectfully submitted this 26th day of June, 2015.

        STUBBS BANKRUPTCY CLINIC

      By: */s/ David F. Mills*
        David F. Mills, Supervising Attorney
        N.C. State Bar No. 18326

        Attorney for Debtor
        300 Fayetteville Street, Suite 446
        Raleigh, North Carolina 27601
        Telephone No.: (919) 865-4484
        Fax No.: (919) 865-5886
        david@mills-law.com